UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MARK ELLIS,

          Plaintiff,

      v.

LT. CATALANO, *et al.*,

          Defendants.

No. 16-CV-8452 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    Plaintiff Anthony Mark Ellis ("Plaintiff") brought this Action, pursuant to 42 U.S.C. § 1983, asserting claims of excessive force under the Eighth Amendment against several Defendants. (*See generally* Am. Compl. (Dkt. No. 15).) On April 23, 2020, the Court issued an Opinion & Order entering judgment in favor of all Defendants except Correctional Officer James Sonko ("Sonko") and Sergeant Keith Montgomery ("Montgomery"). (*See* Dkt. Nos. 153, 154.) On June 5, 2020, the Court was notified that copies of the Opinion & Order and Clerk's Judgment mailed to Plaintiff's last known address were returned as undeliverable. (*See* Dkt. (entry for June 5, 2020).)

    On June 10, 2020, the Court issued an Order To Show Cause noting that Plaintiff had been advised of his obligation to promptly submit written notification of any changes in his address, and directing Plaintiff to show cause within 30 days why his remaining claims should not be dismissed for failure to prosecute. (*See* Dkt. No. 155.) On June 29, 2020, the Court received notice that a copy of its Order To Show Cause, mailed to Plaintiff's last known address, was returned because Plaintiff was no longer at that address. (*See* Dkt. (entry for June 29, 2020).) Plaintiff has not responded to the Order To Show Cause or otherwise communicated

with the Court. Accordingly, in light of Plaintiff's failure to notify the Court of his change in address, the Court dismisses the Action without prejudice.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

2

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal without prejudice of Plaintiff's remaining claims. In granting Plaintiff's application to proceed *in forma pauperis*, the Court advised Plaintiff of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Order Granting IFP Application In Prisoner Case 2 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.") (Dkt No. 4.) The Court then repeated this warning in issuing an Order of Service. (*See* Order of Service 3 ("Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.") (Dkt. No. 5).) However, while Plaintiff's address changed over seven weeks ago, (*see* Dkt (entries for June 5, 2020 and June 29, 2020)), Plaintiff has not advised the Court of a new address. Finally, while the Court issued an Order To Show Cause directing that Plaintiff to show cause within 30 days why his remaining claims should not be dismissed in light of this failure, (*see* Dkt. No. 155), Plaintiff has not responded.

Accordingly, Plaintiff's remaining claims are dismissed without prejudice, for failure to prosecute. *See, e.g., Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute);

3

*Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court ... as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address, and to close this case.

SO ORDERED.

DATED: July 31, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE